**DANA MILLS, INC., Plaintiff,**

v.

**BROOKLINE FABRICS, INC., et al., Defendants.**

No. 81 C 3331.

United States District Court, N. D. Illinois, E. D.

May 19, 1982.

---

Michael A. Braun, Harriet Trop, Feiwell, Galper & Lasky, Ltd., Chicago, Ill., for plaintiff.

Mario P. Melucci, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Dana Mills, Inc. ("Dana")[1] originally sued Brookline Fabrics, Inc. ("Brookline")[2] and Pasquale ("Patsy") and Giovanna Lachina ("Lachinas") in a two-count complaint. Count I was based on Dana's sales of drapery fabrics to Brookline, and Count II on Lachinas' guarantee of Brookline's indebtedness to Dana.[3]

On August 3, 1981[4] default judgment was entered against Brookline on Count I. On November 24 this Court granted Lachinas' motion to dismiss Count II for lack of personal jurisdiction. Brookline now moves to vacate the default judgment. Its motion is granted and Count I is dismissed without prejudice.

### Facts

Between January 11 and April 24, 1980 Dana shipped fabric to Brookline for use in its manufacture of custom-made draperies. Brookline did manufacture some drapes from the fabric. But Brookline claims

1. Dana is an Illinois corporation with its principal place of business in Northbrook.

2. Brookline is a Pennsylvania corporation based in Pittsburgh.

3. Lachinas are the principal shareholders of Brookline. Patsy is also its president and chief executive.

4. All dates without year designations occurred during 1981.

"within six months" Dana informed Brookline that:

> [Dana] had changed fibers of the fabric so that the material that [Dana] was offering for sale no longer matched the original fabric [Dana had provided to Brookline].

Although Brookline had used Dana's initial fabric to manufacture drapery samples to provide to potential customers, Brookline never distributed those samples. It claims Dana's discontinuance of the original fabric made the samples—and the shipment of fabric from which they came—"worthless."[5]

Brookline's current motion is largely concerned with events after suit was filed June 12. It rests on the following verification by Patsy:

> After a Brookline employee had received the Complaint and summons by mail about June 19, Patsy "telephoned Byron Chalem [Dana's sales manager] in an effort to amicably rectify any claim by the plaintiff against the defendant." Chalem "assured Patsy . . . that the matter would be settled amicably and without further recourse through the Courts." Relying on Chalem's promise Patsy did not at that time seek counsel.

About July 29 Patsy received a mail notice of Dana's motion for default judgment. But both the notice of motion and the motion itself were improperly styled.

As for the notice, it informed Lachinas[6] that on August 3 plaintiff would appear in this Court and (emphasis added):

> then and there present the attached Motion for Default Judgment Against *Defendant, Dana Mills, Inc.*

5. Brookline asserts Dana's conduct in changing the fabric was a breach of warranty and violated the custom and usage of the trade. These defenses on the merits are not of course ruled upon by this opinion—they are merely recognized as having been advanced by Brookline.

6. It was directed to them rather than, as it of course should have been, to Brookline itself. That technical imperfection, though not relied on in this opinion, was of a piece with the other careless errors next described in the text.

Such identification of Dana as the "defendant" was contradicted by the caption of the notice, which gave the case name with a proper designation of the parties. But Patsy says he read the notice in its literal sense: that default judgment was to be entered on August 3 against *Dana* not Brookline.

Dana's actual motion, served together with the notice, was viewed by Patsy in the same way. Again the case caption was correct. But the title of the motion, typed in all upper-case letters, read (emphasis added):

### MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT, DANA MILLS, INC.

To add to the potential confusion, the body of the one-paragraph motion stated:

DANA MILLS, INC. moves that this court adjudicate Defendant, BROOKLINE FABRICS, INC. in default and confess the allegations of the Complaint against it in the amount of $35,465.41, plus interest as prayed for, for defendant's failure to either appear or respond to the Complaint served upon it June 19, 1981.

Patsy now claims the motion papers—particularly the juxtaposition of judgments apparently to be taken against *both* Dana and Brookline—led him to (Br. 5):

. . .constru[e] these Notices to be a legal proceeding whereby the lawsuit was terminated and the parties thereto could proceed to make an out-of-court settlement.

Brookline's lawyer acknowledges that belief may have been negligent and mistaken. It should be remembered though that Patsy was a layman, reading the unfamiliar jargon of the legal documents against an asserted prior understanding to the same effect with Chalem.

This Court need not however choose between Patsy's stated belief and Dana's argument that no one could reasonably have read the papers as Patsy claims. There is a more basic, indeed fatal, flaw in Dana's default judgment. As stated in the "Facts" section of this opinion, the only service of summons in this action was by *mail* on a Brookline employee June 19 (that date was also reflected in Dana's motion for default, and Dana does not claim any other service). And it is clear that no default judgment can be predicated upon such service.

At the time of the claimed service in this action, Fed.R.Civ.P. ("Rule") 4(d) called for *personal* service of process.[7] Rule 4(d)(3) required, as to a corporate defendant, *personal* delivery to an officer, managing agent or other agent authorized by appointment or law for that purpose. Rule 4(d)(7) also permitted service on corporate defendants in accordance with Illinois law, but that would not support service by mail either:

(1) Section 16 of the Civil Practice Act, Ill.Rev.Stat. ch. 110, § 16, required personal service outside the state, as did the long-arm statute, Section 17(2), Ill.Rev. Stat. ch. 110, § 17(2).

(2) Ill.S.Ct. Rule 284 confirmed the need for personal service by negative implication, for it permitted service by mail in small claims ($1,000 or less) only.

Finally Rule 4(e), dealing with service outside the state in certain situations, did not help Dana either.

Accordingly the only service of process employed by Dana would not support an in personam judgment against Brookline. Under the circumstances the purported default judgment cannot stand. Because it is simply "void" under Rule 60(b)(4), there is really no need for Brookline to demonstrate a meritorious defense (as is required for relief under Rule 60(b)(1)).

It is almost certain that the same factors that led this Court to dismiss Count II for want of personal jurisdiction over Lachinas

---

7. Indeed the Supreme Court has just transmitted to Congress an amendment to the Rule, to take effect August 1, 1982, to permit default judgments after service by mail, 50 U.S.L.W. 4453–54 (May 4, 1982). That prospective amendment confirms the statement of prior law in the text.

operate as to Brookline as well. See pages 3 and 4 of this Court's November 24, 1981 opinion and the cases there cited. This Court will therefore dismiss Count I without prejudice, subject to possible reinstatement if within 30 days Dana moves for such reinstatement coupled with a showing satisfactory to this Court that jurisdiction over Brookline may in fact be validly obtained.

### Conclusion

Brookline's motion to vacate the default judgment against it is granted. Complaint Count I (the only remaining count of the Complaint) is dismissed without prejudice.